Thomas D. Taylor, D.C. President, Arkansas State Board of Chiropractic Examiners 101 East Capitol, Suite 209 Little Rock, Arkansas 72201
Dear Dr. Taylor:
This official Attorney General opinion is issued in response to your request for a clarification of Attorney General Opinion No. 95-391.
In Opinion No. 95-391, I was presented with the question of whether chiropractors can perform physical examinations for purposes of student participation in school athletics, and whether the performance of such an examination would constitute the unauthorized practice of medicine.
In response to that question, I pointed out first, that no state law requires such a physical examination, and that the type of physical examination that is required will be entirely within the discretion of each school. I noted that some schools may require a physical examination that entails only activities that chiropractors are authorized to perform, in which case chiropractors clearly can perform the examination. Other schools, by contrast, may require examinations that require activities that can be performed only by persons who are licensed to practice medicine, within the meaning of that phrase as defined by state law. In those schools, I opined, chiropractors cannot perform the required physical examination.
I explained that in order to determine whether a chiropractor can perform the physical examination that is required by any particular school, it will be necessary to scrutinize the language of that school's requirement, as compared with the state law definitions of the "practice of medicine" and the "practice of chiropractic." In the course of explaining these matters, I quoted both statutory definitions. (These definitions are set forth in A.C.A. §§ 17-95-202(2)(A)-(E) and A.C.A. §§17-81-102(3)(A)-(B)).
You have requested clarification of my statement that chiropractors cannot perform the activities listed in the definition of the "practice of medicine."
Chiropractors cannot perform any activities listed in the statutory definition of the "practice of medicine" that are not also listed in the definition of the "practice of chiropractic." A.C.A. § 17-95-203. To do so would constitute the unauthorized practice of medicine. A.C.A. §17-95-401. Another way of stating this provision of law is that chiropractors are exempted from the requirement of having a medical license to perform the activities listed in the statutory definition of the "practice of medicine" to the extent that those activities also fall within the statutory definition of the "practice of chiropractic."
Therefore, in stating that chiropractors cannot engage in the activities listed in the definition of the "practice of medicine," I was stating that chiropractors cannot engage in those activities on the list that are not also on the list of authorized activities of chiropractors.
Accordingly, I reiterate my conclusion in Opinion No. 95-391: The question of whether chiropractors can perform the physical examinations that are required for participation in school athletics will depend on the parameters of each individual school's required examination. If the school's required examination entails only activities that chiropractors are authorized to perform, chiropractors can perform the examination. If the school's required examination entails activities that are listed in the statutory definition of the "practice of medicine" and that are notalso listed in the statutory definition of the "practice of chiropractic," chiropractors cannot perform the examination.[1]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] The fact that the definition of the term "physician," as set forth in A.C.A. § 17-81-102(7), includes chiropractors is not relevant to the question of whether chiropractors may perform any school's required physical examination. Again, the relevant inquiry is the parameters of the school's required examination.